**UNITED STATES of America, Appellee,**

v.

**Brice Earl CHRISTIANS, Appellant.**

**No. 82–2150.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 17, 1983.

Decided March 29, 1983.

Jeffrey T. Sveen, Siegel, Barnett & Schutz, Aberdeen, S.D., for defendant/appellant.

Philip N. Hogen, U.S. Atty., Sioux Falls, S.D., for plaintiff/appellee.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

Appellant Brice Earl Christians pled guilty to a charge of kidnapping in violation of 18 U.S.C. § 1201(a) on May 4, 1982. Christians appeared before the district court for sentencing on June 15, 1982. The district court found that "because of the defendant's age of twenty * * * he is a youth offender," but declined to impose a sentence at that time because the court wished to have the benefit of a study by the United States Parole Commission pursuant to section 5010(e) of the Youth Corrections Act, 18 U.S.C. § 5010(e). This section provides that "[i]f the court desires additional information as to whether a youth offender will derive benefit from treatment under subsections (b) or (c)" of the Act,[1] the court may order that the offender be committed to the custody of the United States Attorney General for observation and study.

After reviewing the report prepared on Christians pursuant to section 5010(e), the district court found that he "may not be able to derive maximum benefit from treatment prior to the expiration of six years from the date of conviction," the maximum sentence under section 5010(b), and commit-

---

1. Subsections (b) and (c) of section 5010 of the Youth Corrections Act provide:

    (b) If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Commission as provided in section 5017(c) of this chapter;  or

    (c) If the court shall find that the youth offender may not be able to derive maximum benefit from treatment by the Commission prior to the expiration of six years from the date of conviction it may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter for any further period that may be authorized by law for the offense or offenses of which he stands convicted or until discharged by the Commission as provided in section 5017(d) of this chapter.

ted him "to the custody of the Attorney General of the United States * * * for treatment and supervision pursuant to 18 U.S.C. § 5010(c) for a period of ten (10) years or until discharged by the United States Parole Commission as provided in 18 U.S.C. § 5017(d)."[2]

Christians appealed to this Court, alleging that his sentence should be reversed because it was improperly based upon the seriousness of the offense, deterrence to others, and an inaccurate section 5010(e) report. Christians claims that he should have been sentenced under section 5010(b) of the Act rather than under section 5010(c).

In our view, the district court properly sentenced the appellant under section 5010(c). The court made the express finding that Christians would not benefit from treatment prior to the expiration of the maximum sentence under section 5010(b) as required by section 5010(c) of the Act.[3] *See generally Dorszynski v. United States,* 418 U.S. 424, 441, 443–444, 94 S.Ct. 3042, 3051, 52–53, 41 L.Ed.2d 855 (1974).

Moreover, we note that the Parole Commission Guidelines apply to all offenders sentenced under the Youth Corrections Act, and a youthful offender may be released on parole at any time. *See* 28 C.F.R. §§ 2.4, 2.20(h)(2). In fact, Christians received a parole hearing on January 24, 1983. After this hearing, the United States Parole Commission issued a "Notice of Action," which stated that if Christians satisfactorily completed his program plan, his presumptive parole would occur after service of sixty months or on January 24, 1987.[4]

Under all of these circumstances, we cannot say that the district court abused its discretion in sentencing Christians, and the judgment of the district court is, therefore, affirmed.

**2.** Section 5017(d) provides:

(d) A youth offender committed under section 5010(c) of this chapter shall be released conditionally under supervision not later than two years before the expiration of the term imposed by the court. He may be discharged unconditionally at the expiration of not less than one year from the date of his conditional release. He shall be discharged unconditionally on or before the expiration of the maximum sentence imposed, computed uninterruptedly from the date of conviction.

**3.** The maximum sentence under section 5010(b) is six years, and an offender must be conditionally paroled in four years. *See* 18 U.S.C. § 5017(c). The maximum time Christians will be incarcerated because of his ten-year sentence under section 5010(c) is eight years. *See* 18 U.S.C. § 5017(d).

**4.** An interim hearing is scheduled for January, 1985. The Commission may, of course, alter Christians' release date at any time. *See* 28 C.F.R. § 2.4.